**Angelo TORRES, Plaintiff–Appellant,**

v.

**F. IRVIN, et al., Defendants–Appellees.**

No. 02–0295.

United States Court of Appeals, Second Circuit.

May 19, 2004.

Angelo Torres, Dannemora, NY, for Appellant, pro se.

Edward Lindner, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General), Albany, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Angelo Torres appeals from the dismissal of his 42 U.S.C. § 1983 complaint against various prison officials and employees for violations of his due process rights under the Fourteenth Amendment. Torres sought a declaratory judgment, injunctive relief, and monetary damages. The district court concluded that the defendants were entitled to qualified immunity and granted summary judgment to them on Torres's claims for monetary damages. With the consent of the parties, the district court then conducted a bench trial, based on the documentary evidence, regarding Torres's claims for declaratory and injunctive relief and dismissed Torres's remaining claims. The sole issue on appeal is the adequacy of the defendants' review of Torres's administrative segregation at Clinton Correctional Facility in and after July 1995.

This Court reviews the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appro-priate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

We "provid[e] government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). We must ask if, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court held that prison officials must "engage in some sort of periodic review of the confinement" of inmates in administrative segregation to ensure that the administrative segregation is not a pretext for indefinite confinement, *id.* at 477 n. 9. The *Hewitt* Court noted that this periodic review "will not necessarily require that prison officials permit the submission of any additional evidence or statements." *Id.*

█ The district court found that Torres received regular reviews of his confinement, every seven days for the first two months, and every month thereafter. This is more than the "periodic review" required by the Supreme Court. Beyond the regular reviews, provided by a committee of three, the district court found that the decision to keep Torres in administrative segregation was based on a variety of

* Of the United States District Court for the Eastern District of New York, sitting by desig-nation.

factors, including the original circumstances that necessitated administrative segregation, events that occurred in the interim, and the committee's personal observations of Torres, and that Torres was given the opportunity to present information to the committee. This, too, more than satisfies the requirements articulated in *Hewitt*. Therefore, the district court was correct in concluding that the defendants were entitled to qualified immunity.

"The district court's findings of fact after a bench trial are not to be overturned unless they are clearly erroneous." *Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316 (2d Cir.2003). Legal conclusions are reviewed *de novo*. *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996).

■ As the above discussion of *Hewitt* makes clear, the due process clause requires only minimal review of administrative segregation placements. The district court found that Torres received satisfactory review of his administrative segregation. These findings are not clearly erroneous. We therefore affirm the district court's dismissal of Torres's remaining claims.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.